IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HAVEN,<br><br>        Petitioner,<br><br>   v.<br><br>DANIEL CUEVA,<br><br>        Respondent. | No. 2:21-CV-0475-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 15. Respondent has lodged relevant state court records in support of the motion, ECF No. 17. Petitioner has not filed an opposition.

## I. BACKGROUND

**A.**    **Procedural History**

        After Petitioner failed to file an opposition to Respondent's motion, the Court issued findings and recommendations on February 15, 2022, that the unopposed motion be granted pursuant to Eastern District of California Local Rule 230(c), (l). See ECF No. 19. On March 10, 2022, Petitioner filed objections to the findings and recommendations indicating that he had never received a copy of Respondent's motion. See ECF No. 20. On October 12, 2022,

the District Judge referred the matter back to the undersigned for further proceedings.

On November 15, 2022, the Court directed Respondent to re-serve his motion to dismiss and file a proof of service with the Court. See ECF No. 22. The order further provided that Petitioner would have 60 days from the date of re-service of Respondent's motion to file an opposition. See id. Respondent filed a proof of re-service on November 23, 2022, indicating that the motion to dismiss had been re-served on Petitioner that same day. See ECF No. 23. To date, more than 60 days have passed, and Petitioner has not filed any opposition or otherwise responded to Respondent's motion to dismiss.

### B.  Petitioner's Claims

This action proceeds on Petitioner's second amended petition. See ECF No. 11. Petitioner states that he was convicted and sentenced in the Sacramento County Superior Court on September 10, 2013, to a term of life without the possibility of parole. See id. at 1. Petitioner raises three grounds for federal habeas relief: (1) ineffective assistance of appellate counsel for failure to challenge the trial court's denial of a requested jury instruction; (2) trial court error for failing to give a requested jury instruction; and (3) Fourth Amendment violation by the Sacramento Police Department in executing a warrantless search of Petitioner's residence. See id. at 4-5.

## II.  DISCUSSION

In the unopposed motion, Respondent argues: (1) the entire petition must be dismissed as a "mixed" petition because Petitioner's first ground for relief is unexhausted; and (2) the third ground for relief should be dismissed as not asserting a cognizable habeas claim. See ECF No. 15. For the reasons discussed below, the Court agrees.

### A.  Exhaustion

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal and state

comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[1]

When, as here, faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners: (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims. See 330 F.3d 1086, 1099 (9th Cir. 2003). However, the Supreme Court held in Pliler v. Ford that the

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

district court is not required to give these particular warnings. See 542 U.S. 225, 234 (2004).[2] Furthermore, the district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

As reflected in the state court records lodged in support of Respondent's unopposed motion to dismiss, while Petitioner filed a petition for review and petition for habeas corpus in the California Supreme Court challenging the conviction at issue here, Petitioner did not present his claim of ineffective assistance of counsel in those petitions. See ECF No. 17-6, 17-12. Petitioner has not responded to the motion to dismiss or sought a stay-and-abeyance order with respect to the unexhausted claim.  Because the current federal petition is mixed in that it contains both exhausted and unexhausted claims, the Court agrees with Respondent that it should be dismissed in its entirety.  See Robbins, 481 F.3d at 1147.

**B.    Ground Three**

In Stone v. Powell, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976).  Thus, a Fourth Amendment claim can only be litigated on federal habeas where the petitioner

---

[2] The Supreme Court did not address the propriety of Ninth Circuit's three-step stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original petition, stay of the remaining claims pending exhaustion, and amendment of the original petition to add newly exhausted claims that then relate back to the original petition.  See Pliler, 542 U.S. at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998)).

demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. Gordan v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). The issue before this Court is whether Petitioner had a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether Petitioner actually litigated those claims, nor whether the state courts correctly disposed of the Fourth Amendment issues tendered to them. See id.; see also Siripongs v. Calderon, 35 F.3d 1308 (9th Cir. 1994).

Lodged state court records indicate that Petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claim in state court. See ECF No. 17-5. Specifically, Petitioner's Fourth Amendment claim was addressed and adjudicated against him on direct review by the California Court of Appeal. See id. Because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, the claim is not cognizable on federal habeas review. See Stone, 428 U.S. at 494. The third ground for relief should be dismissed with prejudice.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 15, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 14, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE